# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>The premises, attached garage, and outbuildings located at 109 Sloan Circle, Beaver Dam, Wisconsin 53916, further described in Attachment A | ) ) ) ) ) ) )    Case No. 25-968M(NJ) |

**CLERK'S OFFICE**
**A TRUE COPY**
Aug 12, 2025
s/ vge
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   **Eastern**   District of   **Wisconsin**
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before   **8/26/2025**   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   **Honorable Nancy Joseph**
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of ____.

Date and time issued:    8/12/2025 @ 2:21 p.m.      *Nancy Joseph*
                                                                        *Judge's signature*

City and state:    Milwaukee, Wisconsin                Honorable Nancy Joseph, U.S. Magistrate Judge
                                                                     *Printed name and title*

## Return

| Case No.: 9b-MJ-4023022 | Date and time warrant executed: 8/14/2025 at approx. 6:02 am | Copy of warrant and inventory left with: Jamie Foote |
|---|---|---|

Inventory made in the presence of: Jamie Foote

Inventory of the property taken and name(s) of any person(s) seized:

1) Black Desktop Tower Computer
2) Black/gray USB-C Ledger
3) Paper with several handwritten notes
4) Paper with several handwritten notes
5) Black LG cellular phone with US cellular SIM card
6) Blue Motorola cellular phone with SIM card
7) Black LG cellular phone with US cellular SIM card
8) Black crypto cold storage wallet
9) Ledger NanoX box with several pieces of paper with handwritten notes
10) Three (3) black Debit Visa card
11) Black iPhone cellular phone
12) Black/gold Seiko watch
13) Silver/white watch
14) Silver/black Bulova watch
15) Silver Rolex watch
16) Silver/black watch

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 1/28/2025

_____
Executing officer's signature

Joshua D. Eagen Special Agent
Printed name and title

## ATTACHMENT A

### Property to be Searched

The property to be searched is the premises, attached garage, and outbuildings located at **109 Sloan Circle, Beaver Dam, Wisconsin 53916** (the "SUBJECT PREMISES"). The premises a single-story, single-family residence located in a cul-de-sac east of the intersection of De Clark Street and Sloan Circle in Beaver Dam, Wisconsin. The residence is green with a brown shingled roof, a one-car attached garage, and a fenced-in backyard enclosing an above-ground pool, a shed and a small greenhouse. The front door is located south side of the residence facing the driveway which opens onto Sloan Circle. Near the front door is a mailbox clearly labeled with "109." The driveway connects Sloan Circle to a single-car garage attached to the residence.



19

## ATTACHMENT B

## Information to be seized by the Government

1.  The items, information, and data to be seized from the location[s] described in Attachment A are fruits, evidence, contraband, and/or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1029: Fraud-Access Devices; and/or 18 U.S.C. § 1957: Money Laundering, as described in the search warrant affidavit, including, but not limited to:

    a.  Records and information related to the purchase, sale, possession, use, transfer, or exchange of cryptocurrencies, or the location, address, balance of any cryptocurrency assets or accounts;

    b.  Passwords, private keys, or seed phrases associated with any cryptocurrency assets;

    c.  Cryptocurrency wallets, to include digital wallets, cold storage wallets, paper wallets, or any other form of storing public and/or private keys associated with cryptocurrency assets;

    d.  Records or information related to the creation or use of cryptocurrency accounts, wallets, or addresses;

    e.  All documents listed for financial transactions, communications, names, accounts numbers, phone numbers, or other personal identifiers;

    f.  Records and information related to the identity or location of potential victims, witnesses, co-conspirators, or suspects involved in financial fraud schemes;

20

g. Records and information related to communications with legitimate cryptocurrency exchanges or other cryptocurrency companies;

h. Records and information related to Dylan Todd Foote's taxes, finances, and/or any movement of funds, to include data, records, images, documents, programs, applications, or materials tending to show the use of bank accounts, credit card accounts, or other financial accounts;

i. Personal checks, cashier's checks, deposit slips, check stubs, wire transfer forms, promissory notes, or any other documents demonstrating a transfer of funds from victims or potential victims to Dylan Todd Foote or from Dylan Todd Foote to co-conspirators or potential co-conspirators involved in financial fraud schemes;

j. Evidence indicating Dylan Todd Foote's state of mind, or that of any potential co-conspirator, as it relates to the crimes under investigation;

k. Digital devices or storage mediums used as means to commit the violations describe above, to include but not be limited to, cellular telephones, any computers or tablets located on the premises to be searched, and any digital device or storage media containing records relating to accessing cryptocurrency assets;

l. For any digital device or storage medium whose seizure is otherwise authorized by this warrant, and any digital device or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "Digital Device"), in addition to the items

21

described in paragraphs 1(a)-1(k), above, the following items will be searched for and seized from these Digital Devices:

      i.      All emails, texts, chats, other communications, documents, photos, videos and other items or information relating to financial fraud schemes;

      ii.      All emails, texts, chats, other communications, documents, photos, videos and other items or information relating to any money or funds obtained from any individuals or entities;

      iii.      All emails, texts, chats, other communications, documents, photos, videos, and other items or information relating to any efforts to obtain money or funds from any individuals or entities;

      iv.      All emails, texts, chats, other communications, documents, photos, videos and other items or information relating to any financial transactions, transfers, or deposits of funds, cryptocurrency, or purchases of assets or cryptocurrencies;

      v.      Evidence of who used, owned, or controlled the Digital Device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat", instant messaging logs, photographs, and correspondence;

      vi.      Evidence of software that would allow others to control the Digital Device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

vii.     Evidence of the lack of such malicious software;

viii.    Evidence indicating how and when the Digital Device was accessed or used to determine the chronological context of Digital Device access, use, and events relating to the crime under investigation and to the Digital Device user;

ix.     Evidence indicating the Digital Device user's state of mind as it relates to the crime under investigation;

x.     Evidence of the attachment to the Digital Device of other storage devices or similar containers for electronic evidence;

xi.     Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Digital Device;

xii.     Evidence of the times the Digital Device was used;

xiii.    Passwords, encryption keys, and other access devices that may be necessary to access the Digital Device;

xiv.     Documentation and manuals that may be necessary to access the Digital Device or to conduct a forensic examination of the Digital Device;

xv.     Records or information about Internet Protocol addresses used by the Digital Device;

xvi.     Records of or information about the Digital Device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

23

xvii. Contextual information necessary to understand the evidence described in this attachment.

2. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of digital device or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures or photocopies).

3. The term "digital device" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

4. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMSs, and other magnetic or optical media.

5. This warrant authorizes a review of electronic storage and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

6. During the search of the Subject Premises described in Attachment A, law enforcement personnel are also specifically authorized to compel the display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) from Dylan Todd Foote at the time of the execution of the warrant, if necessary, to unlock any devices requiring such biometric access subject to seizure pursuant to this warrant for which law enforcement has reasonable suspicion that the aforementioned person(s)' physical biometric characteristic will unlock the device(s), to include pressing fingers or thumbs against and/or putting a face before the sensor, or any other security feature requiring biometric recognition of:

    a. Any of the devices found at the Subject Premises or on the person of Dylan Todd Foote;

    b. Where the devices are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments, for the purpose of attempting to unlock the Device(s)'s security features in order to search the contents as authorized by this warrant;

7. While attempting to unlock the device by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that the aforementioned person(s) state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the devices. Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel the aforementioned

25

person(s) to state or otherwise provide that information. However, the voluntary disclosure of such information by the aforementioned person(s) is permitted. To avoid confusion on that point, if agents in executing the warrant ask any of the aforementioned person(s) for the password to any devices or to identify which biometric characteristic (including the unique finger(s) or other unique physical features) unlocks any Devices, the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make clear that providing any such information is voluntary and that the person is free to refuse the request.